

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Game, Fish & Oyster Commission
Austin, Texas

Dear Sirs:                    Attention:  Mr. Phil Goodrum

Opinion No. 0-2067
Re:  Necessity of acknowledging
      "wildlife lease contracts"

        This is in reference to your letter of June 7,
1940, requesting the opinion of this department as to the
necessity of having acknowledged "wildlife lease contracts"
entered into between the Game, Fish, & Oyster Commission
and landowners. A copy of the lease agreement enclosed with
your request is a form used in leasing lands to the Game,
Fish, & Oyster Commission "for the purpose of restoring
quail thereon and for other wildlife uses".

        We understand from discussing this matter with you
that these instruments upon being executed are placed of re-
cord in the county in which the land is situated, and you de-
sire to know whether or not they may still be placed of re-
cord in such county if the signature of two witnesses is ob-
tained in lieu of an acknowledgment by the lessor.

        Article 6626, Revised Civil Statutes, 1925, as
amended, Acts 1931, 42nd Legislature, Ch. 217, p. 371, reads
as follows:

        "The following instruments of writing which shall
    have been acknowledged or proved according to law,
    are authorized to be recorded, viz:  all deeds, mort-
    gages, conveyances, deeds of trust, bonds for title,
    covenants, defeasances or other instruments of writing
    concerning any lands or tenements, or goods and chat-
    tels, or movable property of any description; provided,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Game, Fish & Oyster Commission, Page 2

however, that in cases of subdivision or re-subdivision of real property no map or plat of any such subdivision or re-subdivision shall be filed or recorded unless and until the same has been authorized by the Commissioners' Court of the county in which the real estate is situated by order duly entered in the minutes of said Court, except in cases of partition or other subdivision through a Court of record; provided, that within incorporated cities and towns the governing body thereof in lieu of the Commissioners' Court shall perform the duties hereinabove imposed upon the Commissioners' Court."

Note that an instrument is entitled to be recorded under the provisions of Article 6626 when it "shall have been acknowledged or proved according to law".

Article 6603, Vernon's Annotated Civil Statutes, provides the method of acknowleding an instrument in writing for the purpose of being recorded and reads as follows:

"The acknowledgment of an instrument of writing for the purpose of being recorded shall be by the grantor or person who executed the same appearing before some officer authorized to take such acknowledgment, and stating that he had executed the same for the consideration and purposes therein stated; and the officer taking such acknowledgment shall make a certificate thereof, sign and seal the same with his seal of office."

Article 6609, Vernon's Annotated Civil Statutes, provides the method of proving an instrument in writing for the purpose of recordation when the same has not been acknowledged in accordance with the provisions of Article 6603. This Article provides for an acknowledgment by one or more of the subscribing witnesses and reads as follows:

"The proof of any instrument of writing for the purpose of being recorded shall be by one or more of the subscribing witnesses personally appearing before some officer authorized to take such proof, and stating on oath that he or they saw the grantor or person who executed such instrument of writing subscribe the same or that the grantor or person who

executed such instrument of writing acknowledged in his or their presence that he had executed the same for the purposes and consideration therein stated; and that he or they had signed the same as witnesses at the request of the grantor or person who executed such instrument; and the officer taking such proof shall make a certificate thereof, sign and seal the same with his official seal."

Article 1294, Vernon's Annotated Civil Statutes, reads as follows:

"Every deed or conveyance of real estate must be signed and acknowledged by the grantor in the presence of at least two credible subscribing witnesses thereto; or must be duly acknowledged before some officer authorized to take acknowledgments, and properly certified to by him for registration."

While the courts have held an acknowledgment not necessary for the *validity* of a lease contract and that its absence will not detract from its binding force and effect as between the parties thereto (Mondragon vs. Mondragon, 113 Tex. 404, 257 S. W. 215; Hill vs. McIntyre Drilling Company, (C. C. A. 1933) 59 S. W. (2d) 193, writ refused; Montgomery vs. Heath (C. C. A. 1926) 283 S. W. 324, 291 S. W. 855, (Com. App.); First State Bank of Caldwell vs. Stubbs, (C. C. A. 1932), 48 S. W. (2d) 446; McLane vs. Canales (C. C. A. 1894) 25 S. W. 29), it must nevertheless be acknowledged or proved in accordance with the provisions of Articles 6603 or 6609, in order for such instrument to be admitted to record under Article 6626, Vernon's Annotated Civil Statutes.

This general rule does not apply to conveyances by married women and your attention is directed to Section 50 of Article 16 of the Constitution of Texas, and to Article 1300 of Vernon's Annotated Civil Statutes, which read, in part, as follows:

"Sec. 50, Art. 16:- * * * Nor shall the owner, if a married man, sell the homestead without the consent of the wife, given in such manner as may be prescribed by law * * *"

Article 1300:

Game, Fish & Oyster Commission, Page 4

"The homestead of the family shall not be sold and conveyed by the owner, if a married man, without the consent of the wife. Such consent shall be evidenced by the wife joining in the conveyance, and signing her name thereto, and by her separate acknowledgment thereof taken and certified to before the proper officer, and in the mode pointed out in articles 6605 and 6608."

Under these provisions it has been held that when the lease is for a term of more than one year the separate acknowledgment of the wife as provided for in Articles 6605 and 6608 is necessary for the conveyance of any interest in the homestead or separate property of the wife. Keyes vs. Escalera (C. C. A. 1910), 131 S. W. 627; Yaseen vs. Green, (C. C. A. 1911) 140 S. W. 824, writ refused; Stephenson vs. Mallet, (C. C. A. 1922) 240 S. W. 633, writ refused; Cross v. Everts, 28 Tex. 523; Callahan vs. Patterson, 4 Tex. 61; Dority vs. Dority, 96 Tex. 215, 60 L. R. A. 941, 71 S. W. 950; Haile vs. Haile, (C. C. A. 1906) 93 S. W. 435; Ellis vs. Bingham, (C. C. A. 1912) 150 S. W. 602.

You are therefore respectfully advised and it is the opinion of this department that wildlife lease agreements entered into by the Game, Fish & Oyster Commission must be acknowledged by the lessor or proved according to law in order to entitle them admission to record in the county in which the land is situated. Insofar as the validity of such leases is concerned, you are advised that it is not necessary that the instruments be acknowledged. This with the exception that when the grantor is a married woman, the lease must be acknowledged in accordance with the statutes set forth above.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Walter R. Koch_
Walter R. Koch
Assistant

By _James D. Smullen_
James D. Smullen

APPROVED JUN 26, 1940

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _BWB_
CHAIRMAN

JDS:JM